## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Veronica E. Donovan, | : | Case No. 5:07CV1672 |
| Plaintiff | : | Judge Kathleen O'Malley |
| v. | : | Magistrate Judge David S. Perelman |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED DECISION** |
| Defendant | : | |

This action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of defendant's final determination denying plaintiff's claims for disability benefits, (DIB), 42 U.S.C. §§416, 423 and supplemental security income benefits (SSI), 42 U.S.C. §1381 et seq., is pending decision upon disability benefits, (DIB), 42 U.S.C. §§416, 423 and supplemental security income benefits (SSI), 42 U.S.C. §1381 et seq., entry of final judgment in her favor, alternatively, an order of remand, and defendant seeks final judgment upholding the decision below.

Plaintiff's right to benefits under both programs is dependent upon a showing that she is disabled, as that term is defined in the Social Security Act. Disability is "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for not less than 12 months." 42 U.S.C. §§423(d)(1), 1383c(a). The programs differ with regard to other qualifying criteria. The disability benefits statute requires "fully insured" status, which focuses

on the period of time the claimant has worked while covered by Social Security. The SSI program focuses on income and resources as basic eligibility factors.

Plaintiff applied for benefits on April 8, 2003, alleging an onset date of June 1, 1999. In an accompanying Disability Report - Adult the questions "What are the illnesses, injuries or conditions that limit your ability to work?" and "How do your illnesses, injuries or conditions limit your ability to work?" were answered "Depression, anxiety" and "fear of inability to do a job, medication interferance [sic]."

Upon denial of plaintiff's claims on the state agency level de novo hearing before an Administrative Law Judge (ALJ) was requested. An evidentiary hearing by teleconference was held on December 6, 2006,[1] with the plaintiff and her counsel in Cleveland and the ALJ, a medical expert, Dr. Sidney Bolter, whose area of expertise is psychiatry, and a vocational expert, Ms. Mary Jesko, in San Diego, California.

At that hearing the plaintiff ascribed her alleged inability to work to "my anxiety and I have seizures," but acknowledged that she had not had a seizure for almost a year. She did not testify to any physical limitations, stating that she had no limitations as regards sitting or standing and could lift weights of at least twenty-five pounds. In fact, she had been working under the aegis of a social service agency[2] since 2004 doing office cleaning six hours a day three days a week, three days being the maximum that the agency permitted its clients to work. She also testified that she had looked for light factory work, but had been unable to find a job.

On December 27, 2006 the ALJ entered his opinion denying plaintiff's claims. That decision

---

[1] That proceeding was initially set for October 3, 2005, but there were problems with the video connection and it did not go forward. Why it took more than a year to have the hearing rescheduled is unknown, but is distressing to this Court.

[2] Because that work was through a sheltered workshop the ALJ held that it did not constitute substantial gainful activity.

became defendant's final determination upon denial of review by the Appeals Council on April 12, 2007. The ALJ's "Findings," which represent the rationale of decision, were:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through December 31, 2006, but not thereafter.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's a seizure disorder controlled with medications, morbid obesity, and a major depressive disorder are considered "severe" based on the requirements in the Regulations 20 CFR §§404.1520(c) and 416.920(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the residual functional capacity to perform simple, repetitive tasks in a nonpublic work setting; is precluded from climbing ladders, ropes or scaffolds; and must avoid all exposure to hazards, such as unprotected heights or moving machinery, including automobiles.

7. The clamant is unable to perform any of her past relevant work (20 CFR §§404.1565 and 416.965).

8. The claimant is an "individual closely approaching advanced age" (20 CFR §§404.1563 and 416.963).

9. The claimant has a "high school (or high school equivalent) education" (20 CFR §§404.1564 and 416.964).

10. The claimant has no transferable skills from semi-skilled work previously performed as described in the body of the decision (CFR §§404.1568 and 416.968).

11. Considering the types of work that the claimant is still functionally capable of performing in combination with the claimant's age, education and work experience, she could be expected to make a vocational adjustment to work that exists in significant numbers in the national economy. Examples of such jobs include work as a garment folder of which there are 590 jobs in the local economy and 1.2 million jobs in the national economy, small parts assembly of which there are 410 jobs in the local economy and 1.1 million jobs in the national economy, and industrial floor waxer of which there are 680 jobs in the local economy and 1.5 million jobs in the national economy.

12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §404.1520(g) and 416.920(g)).

13. The claimant has no exertional limitations (20 CFR §§404.1545 and 416.945).

Although the ALJ did not find that the plaintiff had any exertional limitations, the jobs of garment folder and small parts assembler alluded to in Finding No. 11 were identified by the vocational expert as being at the light level. Light work requires the ability to lift twenty pound weights and/or "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §404.1567(b).

On this appeal the plaintiff advances four claims of error, two of which are related.

The first of these is that "the Administrative Law Judge erred in not fully considering Plaintiff's obesity when considering her severe impairments and therefore erred by not considering all of Plaintiff's impairments synergistically." Related to this is the third claim, that "The administrative law judge [sic] failed to consider all the Plaintiff [sic] disabilities as applied to her person," which turns on the argument that the ALJ failed to consider the plaintiff's obesity s a limiting factor.

4

The second and fourth claims of error are that "the Administrative Law Judge erred in not considering the competitive nature of the Northern Ohio employment market in finding that the Plaintiff could perform sedentary work" and that "the administrative law judge [sic] failed to properly apply medical-vocational rule 201.00(h)."

As to these two claims there is a fundamental flaw in their premise, i.e., that the ALJ found the plaintiff not disabled based upon the ability to perform sedentary work activities. As previously noted, the ALJ did not find that the plaintiff suffered from any exertional limitations and two of the jobs he found the plaintiff capable of performing were at the light level. In addition, the argument relating to the economy in Northern Ohio is legally insufficient. 42 U.S.C. §423(d)(2)(A) specifically provides:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot...engage in any other kind of substantial gainful work which exists in the national economy, <u>regardless of whether such work exists in the immediate area in which he lives</u>, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), <u>"work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country</u>.

(Emphasis added.)

Turning to the two arguments based upon plaintiff's obesity,[3] this Court finds them to be devoid of merit.

At the evidentiary hearing the plaintiff did not assert that her weight was physically limiting, there is no medical evidence to that effect and it did not preclude her from engaging in her part-time

---

[3] There is no question as to whether this is the case. She is 5'10" tall, and her weight fluctuated around the 300 pound level during the relevant period.

5

work activities for six hours a day. This Court must note that when plaintiff's counsel had the opportunity to examine the vocational expert he did not ask any questions which assumed the plaintiff's obesity as a factor bearing upon the plaintiff's ability to perform the jobs the vocational expert had identified.

Although no argument is presented focusing upon the plaintiff's mental/emotional status this Court believes that some mention should be made of the evidence in this regard, considering that it was the basis of the plaintiff's claim of disability before the ALJ.

The record contains four psychiatric/psychological assessments of the plaintiff. The GAF ratings assigned to her were 55 and 65 in 2002, 65 in 2003 and 55-60 in 2004, none of which is inconsistent with the ability "to perform simple, repetitive tasks in a nonpublic work setting," which the medical expert testified the plaintiff was capable of performing.

It is recommended that final judgment be entered in the defendant's favor.


                                    s/DAVID S. PERELMAN
                                    United States Magistrate Judge


DATE:   February 28, 2008


### OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).