**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VERONICA E. DONOVAN,** | : | Case No. 5:07CV1672 |
| | : | |
| **Plaintiff** | : | |
| | : | **Judge Kathleen O'Malley** |
| v. | : | |
| | : | |
| **COMMISSIONER OF SOCIAL** | : | |
| **SECURITY,** | : | **ORDER** |
| | : | |
| **Defendant.** | : | |

**I.     BACKGROUND**

On December 27, 2006, Administrative Law Judge Leland H. Spencer (the "ALJ") denied Plaintiff Veronica E. Donovan's ("Plaintiff" or "Donovan") disability claim. Donovan appealed the decision to the Appeals Council. On April 12, 2007, the Office of Disability Adjudication and Review affirmed the decision of the ALJ and that decision became the final decision of the Commissioner. Plaintiff filed the instant action seeking review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). This Court referred the case to Magistrate Judge David S. Perelman for preparation of a Report and Recommendation ("R&R") pursuant to Local Rule 72.2(b)(1) and 28 U.S.C. §636(b)(1)(B). Both parties filed briefs in support of their respective positions. (Docs. 12 and 13). The Magistrate Judge then submitted his R&R on February 28, 2008, recommending that the Commissioner's decision, which denied Donovan's application for benefits, be affirmed. (Doc. 14). Donovan has filed timely objections to the R&R, (Doc. 15) and the Commissioner has filed a response to Donovan's objections (Doc. 16).

The matter is now ripe for the Court. Upon review, the Court finds that the R&R is well-

supported and that Plaintiff's objections are not persuasive. For the following reasons, the Court **ADOPTS** the Magistrate Judge's R&R and **AFFIRMS** the decision of the Commissioner.

The relevant factual background is set forth in detail in Magistrate Judge Perelman's R&R. Further expansion of the background supplied by the Magistrate Judge is unnecessary to the Court's resolution of the matter.

## II. ANALYSIS

### A. Legal Standard

When reviewing claims under the Social Security Act, a district court does not review the matter *de novo*. Rather, a district court is limited to examining the entire administrative record to determine whether the Commissioner's final decision is supported by *substantial evidence*. See Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984); 5 U.S.C. § 706(2)(E); 42 U.S.C. § 405(g).

"Substantial evidence" is evidence that a reasonable mind would accept to support a conclusion. See Richardson v. Perales, 402 U.S. 389, 401 (1971). The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence. Id. To determine whether substantial evidence exists to support the Commissioner's decision, a district court must not focus, or base its decision, on a single piece of evidence. Rather, a court must consider the totality of the evidence on record. See Allen v. Califano, 613 F.2d 139 (6th Cir. 1980); Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978).

If there is conflicting evidence, a district court will generally defer to the ALJ's findings of fact. The Sixth Circuit instructs that, "[t]he substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision maker can go either way without interference by the courts." Mullen v. Bowen, 800

F.2d 535, 545 (6th Cir. 1986) (citing Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984)). Accordingly, for this Court to accept the ALJ's conclusions, it must find only that they are based on competent evidence that a reasonable mind would accept to support those conclusions.

**B.  Discussion**

To receive disability insurance benefits and supplemental security income benefits, Plaintiff must show that she is disabled, as that term is defined in the Social Security Act. 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). The Act defines "disability" as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for not less than 12 months." Id. The ALJ found that Donovan was not disabled as defined by the Act.

The Magistrate Judge found that the ALJ properly assessed Plaintiff's disability claim. Specifically, the Magistrate Judge concluded that the ALJ did not fail to properly apply Medical-Vocational Rule 201.00(h) because the ALJ found that Plaintiff was "not disabled based upon the ability to perform sedentary work activities." The Magistrate Judge also found that the ALJ did not err in his consideration of Plaintiff's obesity.

In her objections to the R&R, Donovan raises three claims of error: (1) that the ALJ erred in not fully considering Plaintiff's obesity when considering her severe impairments and therefore erred by not considering all of the Plaintiff's impairments synergistically; (2) that the ALJ failed to consider all of the Plaintiff's disabilities as applied to her person; and (3) that the ALJ failed to properly apply Medical-Vocational Rule 201.00(h).

Plaintiff asserts that, since the vocational expert ("VE") was located in San Diego and Plaintiff was in Ohio, the VE did not and could not examine Plaintiff to see if her obesity affected

3

her ability to work. Plaintiff, however, fails to recognize that the role of a VE is *not* to determine what physical or mental limitations Plaintiff actually had based on her impairments. See Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 247 (6th Cir. 1987). Instead, the ALJ first determines what limitations Plaintiff had and how they restrict her functional capacity. Id. Then, the ALJ refers, if necessary, to a VE report and determines "whether the vocational expert had identified a significant number of jobs in the relevant market given these restrictions." Id. Here, the ALJ properly considered Plaintiff's alleged functional limitations, including her obesity, and relied on the testimony of the VE to determine Plaintiff's ability to perform work. The ALJ determined that Plaintiff remained capable of performing in such jobs as a garment folder, small parts assembler or industrial floor waxer. Upon review, the Court finds no error in this determination.

Plaintiff also asserts that the ALJ failed to conduct an individualized assessment of the effect of Plaintiff's obesity on her ability to function. As the Magistrate Judge correctly points out, however, Plaintiff failed to argue that her weight was physically limiting during the hearing.[1] Nor is there any medical evidence in the record to that effect. Furthermore, Plaintiff's obesity did not preclude her from performing her part-time work doing office cleaning for six hours per day, three days a week. As such, the Court also finds Plaintiff's objection based on her obesity to be without merit.

---

[1] The ALJ found that Plaintiff suffered from "morbid obesity." As the ALJ noted, however, Dr. Marinos, who examined Plaintiff, did not place any limitations on her functional abilities, despite her obesity. Accordingly, the ALJ found that Plaintiff did not "experience any exertional or nonexertional limitations due to obesity." (Tr. 15). While the ALJ did not find Plaintiff's obesity alone was severe, he did find that Plaintiff's "seizure disorder controlled with medications, morbid obesity, and a major depressive disorder are considered severe." (Tr. 17). Nevertheless, the ALJ concluded that the Plaintiff was not under a "disability," as defined by the Act, because she remained capable of performing a significant number of jobs in the existing national economy. (Tr. 12-18).

Finally, Plaintiff maintains that, because the ALJ found that she was closely approaching advanced age, had a high school education, and unskilled prior work experience, the ALJ should have found her to be disabled under Table 201.12 from Medical-Vocational Rule 201.00(h). Plaintiff's argument regarding the application of Medical-Vocational Rule 201.00(h), however, is fundamentally flawed. Principally, Plaintiff fails to recognize that Medical-Vocational Rule 201.00(h) does not apply in this case. Medical-Vocational Rule 201.00(h) only applies when an individual is found to be limited to sedentary work. As the Magistrate Judge correctly points out, however, the ALJ did not find that Plaintiff was not disabled based on her ability to perform sedentary work activities. Instead, the ALJ found that Plaintiff was functionally capable of performing "simple, repetitive tasks in a nonpublic work setting," and that Plaintiff had *no exertional limitations*. The Court agrees with the Magistrate Judge, and finds Plaintiff's objections to be without merit.

### III. CONCLUSION

For the foregoing reasons, the Magistrate Judge's R&R is **ADOPTED**, and the final decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED.**

                                        **s/ Kathleen M. O'Malley**
                                        **KATHLEEN McDONALD O'MALLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**Dated: July 25, 2008**